# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

Chambers of  
**Ellen Lipton Hollander**  
District Court Judge

101 West Lombard Street  
Baltimore, Maryland 21201  
410-962-0742

October 27, 2015

MEMORANDUM TO COUNSEL

    Re:    *Montgomery v. Conmed, Inc.*  
            Civil Action No. ELH-13-930

Dear Counsel:

As you know, plaintiff David Montgomery and defendant Conmed, Inc. have entered into a "Stipulated Order Regarding Confidentiality of Discovery Material and Inadvertent Disclosure of Privileged Material." ECF 64 (the "Confidentiality Agreement"). Pursuant to the Confidentiality Agreement, material produced in discovery may be designated as confidential. *Id.* ¶ 1. Moreover, the parties have agreed that in the event that any materials subject to the Confidentiality Agreement are filed with the Court, the materials shall be filed under seal together with an Interim Sealing Motion pursuant to Local Rule 105.11. *Id.* ¶ 2.

On October 26, 2015, plaintiff filed an Interim Sealing Motion. ECF 131. Mr. Montgomery "moves this Court to file under seal [his] Memorandum in Support of Opposition to Motion for Summary Judgment" ("Memorandum in Support of Opposition") and accompanying exhibits. *Id.* at 1. *See* ECF 132 (Response in Opposition); ECF 132-1 (supporting memorandum); and exhibits. Mr. Montgomery asserts: "The sealing of the Supplemental Memorandum and Exhibits is justified because the memoranda refers to and relies upon documents designated as 'Confidential' by Defendant ConMed." ECF 131 ¶ 3. According to Mr. Montgomery: "There are no alternatives to sealing that would provide sufficient protection from disclosure of the 'Confidential' information and materials contained therein." *Id.* ¶ 5.

The common law presumes the public and press have a qualified right to inspect and copy all judicial records and documents. *Doe v. Pub. Citizen*, 749 F.3d 246, 265 (4th Cir. 2014) (citations omitted); *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004), *cert. denied*, 544 U.S. 949 (2005); *see also Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 n.17 (1980) ("[H]istorically both civil and criminal trials have been presumptively open."). The common law right of access can be abrogated in "unusual circumstances," where "countervailing interests heavily outweigh the public interests in access." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988); *accord Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 121 (D. Md. 2009).

The common law right of access is buttressed by a "more rigorous" right of access provided by the First Amendment, which applies to a more narrow class of documents, but is

more demanding of public disclosure. *Rushford*, 846 F.2d at 253. If a court record is subject to the First Amendment right of public access, the record may be sealed "only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Stone v. University of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988) (citing *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1984)). "When presented with a sealing request, our right-of-access jurisprudence requires that a district court first 'determine the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake.'" *Doe*, 749 F.3d at 266 (4th Cir. 2014) (quoting *Stone*, 855 F.2d at 181). Also of relevance here, Local Rule 105.11 requires a party seeking to seal documents to provide the court with "reasons supported by specific factual representations to justify the sealing" and "an explanation why alternatives to sealing would not provide sufficient protection."

In my view, Mr. Montgomery has not articulated a sufficient basis to overcome the common law public right of access to retain his submission under seal or to satisfy Local Rule 105.11. Notably, Mr. Montgomery requests that his submission be sealed in its entirety, without any discussion as to why alternatives to sealing this submission in its entirety—such as filing redacted versions—would fail to provide sufficient protection. Certainly, not all portions of ECF 132 or ECF 132-1 require sealing. *See, e.g.*, ECF 132-1 at 3-4, titled Standard of Review; ECF 132-1 at 4-6, discussing applicable law.

Accordingly, I will deny the Interim Sealing Motion (ECF 131), without prejudice to the right to renew the motion, in compliance with Local Rule 105.11, and with proposed redactions as appropriate, to be filed within twenty-one (21) days of docketing of this Order. If the renewed motion requests redactions to certain documents, Mr. Montgomery shall submit both (1) a "clean" copy of each document that in his view should be redacted, which will remain under seal; and (2) a proposed redacted version of every such document, to be included on the public docket.

In the interim, I will direct the Clerk to maintain ECF 132 and its attachments under seal, in their entirety, pending further instructions from the Court.

Despite the informal nature of this Memorandum, it is an Order of the Court, and the Clerk is directed to docket it as such.

Very truly yours,

_____/s/_____

Ellen Lipton Hollander
United States District Judge