FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 JUN 29 PM 5: 25

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DAVID MICHAEL MONTGOMERY,<br>*Plaintiff,*<br><br>v.<br><br>CONMED, INC.,<br>*Defendant.* | Civil Action No.: ELH-13-00930 |

**MEMORANDUM**

The United States Court of Appeals for the Fourth Circuit remanded this case to the District Court on April 22, 2016 (ECF 159), for the limited purpose of allowing this Court to determine whether plaintiff-appellant David Michael Montgomery noted a timely appeal to the Fourth Circuit in regard to the Memorandum Opinion (ECF 146) and Order (ECF 147) issued by this Court on December 24, 2015. In ECF 146 and ECF 147, I granted the motion for summary judgment (ECF 128) filed by defendant Conmed, Inc. ("Conmed").[1]

Montgomery, a Maryland inmate currently incarcerated at the Patuxent Institution ("Patuxent"), subsequently noted the appeal that is at issue. As discussed, *infra*, Montgomery was required to deposit his notice of appeal in Patuxent's internal mail system on or before January 25, 2016. His handwritten, pro se notice of appeal is dated January 25, 2016. ECF 154

---

[1] In writing my Memorandum Opinion (ECF 146), I considered Conmed's Policy and Procedures Manual (ECF 132-4), which was filed under seal. Accordingly, the Memorandum Opinion (ECF 146) was filed under seal. A redacted, public version of the Memorandum Opinion is available at ECF 151.

at 1.[2] However, it was not docketed by the Clerk of the District Court until February 8, 2016. *Id.*[3] Therefore, the Fourth Circuit has directed this Court to determine the timeliness of the appeal under *Houston v. Lack,* 487 U.S. 266 (1988) and Fed. R. App. P. 4(c)(1). ECF 159 at 3.

As best I can determine, I am satisfied that Montgomery complied with Fed. R. App. P. 4(c)(1). Therefore, his notice of appeal was timely filed.

## DISCUSSION

Timely filing of a notice of appeal is "mandatory and jurisdictional." *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 203 (1988). As a general matter, the notice of appeal in a civil matter "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1).

Fed. R. App. P. 26(a)(1) governs the way in which the 30-day deadline is calculated. It provides, *id.*:

> (1) Period Stated in Days or a Longer Unit. When the period is stated in days or a longer unit of time:
>
> (A) exclude the day of the event that triggers the period;
>
> (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and
>
> (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

---

[2] Montgomery is now self-represented. But, he was represented in the district court by pro bono counsel, appointed by the Court. ECF 85. Pro bono counsel appears to have sent ECF 146 and ECF 147 to Montgomery before the expiration of the appeal period. In ECF 154 at 1, Montgomery said: "I received a packet from my attorney stating that [her] representation ends for me."

[3] As discussed, *infra*, the District Court's Clerk's Office did not docket the envelope. Thus, the postmark is not available.

Thus, Mr. Montgomery was required to file his notice of appeal on or before January 25, 2016.

Fed. R. App. P. 4(c) governs appeals by inmates who are incarcerated. When, as here, an appeal is filed by a prisoner, the notice of appeal is deemed timely filed if the inmate delivers it to the institution's "internal mail system" by the due date for filing. Fed. R. App. 4(c)(1). Rule 4(c)(1) states:[4]

> If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. §1746[5] or by a notarized statement, either of *which must set forth the date of deposit* and state that first-class postage has been prepaid. (Emphasis added.)

---

[4] Absent congressional action, Fed. R. App. P. 4(c)(1) will be amended, effective December 1, 2016, as follows:

> (1) If an institution has a system designed for legal mail, an inmate confined there must use that system to receive the benefit of this Rule 4(c)(1). If an inmate files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing and:
>
> > (A) it is accompanied by:
> >
> > > (i) a declaration in compliance with 28 U.S.C. § 1746--or a notarized statement--setting out the date of deposit and stating that first-class postage is being prepaid; or
> > >
> > > (ii) evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was prepaid; or
> >
> > (B) the court of appeals exercises its discretion to permit the later filing of a declaration or notarized statement that satisfies Rule 4(c)(1)(A)(i).

[5] 28 U.S.C. § 1746 states:

3

Upon remand, on April 25, 2016, I issued an Order (ECF 160), in which I outlined the relevant portions of Fed. R. App. P. 4 and gave Mr. Montgomery "twenty-eight days to provide a declaration or notarized statement that attests to the date he deposited the notice of appeal in the institutional internal mail system." *Id.* at 2. On May 4, 2016, the Clerk received a letter from Montgomery, dated April 27, 2016. ECF 161. He averred, in part, *id.* at 1: "I filed a appeal [sic] on time . . . ." He added, *id.*: "I wrote an [sic] filed for it on time an [sic] these people here are responsible once I put it in the box an [sic] being in the mental health program[6] then its hard to do things . . . But Judge I filed the Appeal as soon as possible."

Montgomery's submission (ECF 161) was not entirely responsive to my Order of April 25, 2016 (ECF 160). Among other things, the submission was not notarized, nor was it made

---

Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:

> (1) If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date).
> (Signature)".
>
> (2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
> (Signature)".

[6] Patuxent is a correctional mental health center. *See* Maryland Department of Public Safety and Correctional Services, *Patuxent Institution* (June 22, 2016 at 10:42 AM), https://www.dpscs.state.md.us/locations/pat.shtml.

under penalty of perjury. And, although Montgomery represented that he filed his appeal "on time," he failed to specify the date of deposit of his appeal. Nor did he indicate that he provided prepaid postage.

Accordingly, by Order of May 4, 2016 (ECF 162), I directed Montgomery, by May 31, 2016, "to provide a dated declaration, under penalty of perjury, that attests to the date he deposited the notice of appeal in the institutional internal mail system, along with a representation as to prepaid postage." *Id.* at 2. For Montgomery's convenience, I provided a copy of 28 U.S.C. § 1746 as well as a copy of my prior Order (ECF 160). *See* ECF 162 at 3-5.

In the meantime, on May 6, 2016, the Clerk docketed a letter from Montgomery (ECF 163), dated April 27, 2016. *Id.* It had been mailed to the Clerk of the Court for the Fourth Circuit and received by the Fourth Circuit on May 5, 2016. ECF 163-1. In the letter, Montgomery stated, ECF 163 at 1: "[T]here [sic] telling me that there [sic] given [sic] me twenty eight day[s] to provid [sic] a declaration or notarized statement. I dont [sic] know what a declaration is." Montgomery reiterated, *id.*: "When the courts sent me the paper I filed it right away to this courts [sic]. I just file [sic] it an [sic] put my letters in the mail box here then these people are responsible."

On May 16, 2016, the Clerk docketed a third submission from Montgomery, dated May 9, 2016. ECF 164. In relevant part, Montgomery stated, *id.* at 2: ". . . I received that packet from the courts an [sic] I filled it out an [sic] sent it back in time to the appeal courts [sic]. I put postage stamps on my mail then I put it in the mail box then its [sic] Patuxent's responsible [sic] to see to it that my mail is sent out. But showing that I used postage prepaid [sic] I cant [sic] do because I just put stamps on my mail and I sent it out . . . ." Further, Montgomery averred, *id.* at

3: "I am suppling [sic] the courts what they ask for do [sic] to the best of my ability." Montgomery concluded, *id.*: "28 U.S.C.A § 1746 . . . unsworn declaration under penalty of perjury if executed within the United States its territories possions [sic] or common wealths [sic] I declare state [sic] under penalty of perjury that the foregoing is true and correct May 9th 2016." Montgomery's submission includes the "Plaintiffs [sic] Signature" of "David Michael Montgomery" and the "Witness Signature" of "David Knight." *Id.*

By Order of May 17, 2016 (ECF 165), I asked Conmed to notify me as to whether it intended to file a response to Montgomery's submissions. *Id.* at 1. By letter to the Court of June 7, 2016 (ECF 168), Conmed responded. In relevant part, Conmed asserted, *id.* at 2:

> Plaintiff has now been given numerous opportunities to comply with the rule and has failed to do so. In fact, Plaintiff has refused to comply with the simple task of identifying the appropriate date – in a declaration or notarial statement. Moreover, this failure has been repeated several times, despite the numerous extra opportunities to comply with the law and the Court's Orders. Because Plaintiff has failed to comply with the requirements of FRAP Rule 4(c)1 [sic] his appeal should been deemed untimely filed.

Because Montgomery's submissions did not establish with clarity his compliance with Fed. R. App. P. 4(c)(1), I issued an Order to the Office of the Maryland Attorney General on June 9, 2016 (ECF 169),[7] asking counsel to "notify the Court as to whether the Patuxent Institution maintains mail logs for outgoing correspondence of inmates, and, if so, whether the records demonstrate when Mr. Montgomery deposited the notice of appeal in the Patuxent Institution's internal mail system." *Id.* at 2. I also asked counsel to provide "information as to whether the institution generally provides postage, or whether Mr. Montgomery provided the postage . . . ." *Id.*

---

[7] The Maryland Attorney General was previously involved in this case, as it represented defendants who have been dismissed. ECF 48; ECF 49.

Thereafter, by letter dated June 20, 2016, Mr. Montgomery wrote another letter to the Court (ECF 173), which was docketed on June 24, 2016. He said, in part, *id.* at 1: "I sent you the papers I had showing the date."

The Office of the Attorney General responded on June 22, 2016, to my Order of June 9, 2016. ECF 172. With its response, the Office of the Attorney General submitted the Declaration of Drake E.J. Winkey, who is a "Correctional case magement [sic] specialist II (CCMS II), Litigation Coordinator for the Patuxent Institution . . . ." ECF 172-1 at 1; *see id.* at 1-2. In addition, counsel submitted a "Printout of Plaintiff's Inmate Account from November 6, 2015 through June 20, 2016" (the "Inmate Account Statement"). ECF 172 at 2; *see* ECF 172-2 at 1-4.

In his Declaration, Winkey states, ECF 172-1 ¶ 3: "Patuxent does not keep logs of outgoing inmate correspondence, including legal mail."[8] Further, Winkey avers, *id.* ¶ 4:

> If Mr. Montgomery's financial status was indigent at the time that he claims to have sent his letter to the court, Patuxent would have provided him with a stamp for his mail. According to the attached financial print out [(ECF 172-2 at 1-4)] on or about the date of January 25, 2016, Mr. Montgomery had $54.04 in his inmate account, thus indicating that he was not indigent and was able to purchase stamps.

Review of the Inmate Account Statement (ECF 172-2) indicates that an inmate's purchase of postage is recorded separately from other withdrawals, and is marked with the code "POSTAGE CR." *See* ECF 172-1 at 1-4. Account withdrawals to purchase postage are typically accompanied by a "Description" that states "Payment for POSTAGE CR" as well as the particular date. *See id.* During the period from December 24, 2015, until January 25, 2016,

---

[8] I note that in *Houston v. Lack*, 487 U.S. at 268, the prison in issue kept a log of outgoing mail. Therefore, it was "a straightforward inquiry" to determine the date of the inmate's deposit of the mail. *Id.* at 275.

7

Montgomery's Inmate Account Statement reflects three withdrawals. ECF 172-2 at 4. However, none of these withdrawals appears to pertain to the purchase of postage. *See id.*

Unfortunately, the Clerk of the District Court did not docket the envelope containing Montgomery's notice of appeal. *See* ECF 154. Therefore, the date of that postmark is not available for inspection. However, the Clerk docketed some of the other envelopes containing Montgomery's submissions. In general, it appears that there is about a one-week period between the date on Montgomery's submissions and the date of docketing. ECF 161, for example, is dated Wednesday, April 27, 2016. *Id.* at 1. The envelope that contained ECF 161 was postmarked on Monday, May 2, 2016. ECF 161-1 at 1. And, the Clerk docketed ECF 161 on Wednesday, May 4, 2016. ECF 161. Moreover, the driving distance between Patuxent and the United States Courthouse in Baltimore is less than fifteen miles.[9] Thus, if Montgomery actually

---

[9] *See* Driving Directions from 7555 Waterloo Road Jessup, Maryland 20794 [Patuxent Institution] to 101 W Lombard St, Baltimore, MD 21201 [Edward A. Garmatz United States Courthouse], Google Maps, http://maps.google.com (follow "Directions" hyperlink; then search starting point field for "7555 Waterloo Road Jessup, Maryland 20794" and search destination field for "101 W Lombard St, Baltimore, MD 21201") (showing the driving distance to be 14.1 miles).

"[A] court may properly take judicial notice of 'matters of public record' and other information that, under Federal Rule of Evidence 201, constitute 'adjudicative facts.'" *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015); *see* Fed. R. Evid. 201(b) (stating that a "court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 466 (4th Cir. 2011), *cert. denied*,___ U.S. ___, 132 S. Ct. 115 (2011); *Philips v. Pitt County Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

Notably, "[i]t is not uncommon for courts to take judicial notice of factual information found on the world wide web." *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007); *cf. Jeandron v. Bd. of Regents of Univ. Sys. of Maryland*, 510 F. App'x 223, 227 (4th Cir. 2013) (noting that the court may take judicial notice of information on a website, "so long as the web site's authenticity is not in dispute"). A court may "'take judicial notice of a Google

deposited his notice of appeal in Patuxent's internal mail system on the date he wrote it, *i.e.* Monday, January 25, 2016, it is surprising that the Clerk did not receive it until two weeks later, on Monday, February 8, 2016. And, as noted, Montgomery's Inmate Account Statement shows no apparent postage purchases during the appeal period.

As indicated, Fed. R. App. P. 4(c)(1) provides: "Timely filing may be shown by a declaration in compliance with 28 U.S.C. §1746 or by a notarized statement, either of which *must set forth the date of deposit* and state that first-class postage has been prepaid." (Emphasis added.) Montgomery clearly avers that he put the notice of his appeal in the mailbox, with postage. *See, e.g.*, ECF 164 at 2. And, he states that he did so within the required time, although he never provided the exact date, nor was the statement made under oath.

In particular, on April 25, 2016, Montgomery expressly said in a statement that was not under oath, ECF 161 at 1: "I filed a [sic] appeal on time . . . ." Thereafter, on May 9, 2016, under oath, Montgomery stated, ECF 164 at 2: "I received that packet from the courts an [sic] I filled it out an [sic] sent it back in time to the appeal courts [sic]. I put postage stamps on my mail then I put it in the mail box then its [sic] Patuxent's responsible [sic] to see to it that my mail is sent out."

Construing Montgomery's submissions liberally, as I must, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), Montgomery has provided submissions, including a Declaration in compliance

---

map and satellite image as a 'source[ ] whose accuracy cannot reasonably be questioned.'" *Pahls v. Thomas*, 718 F.3d 1210, 1216 n. 1 (10th Cir. 2013) (quoting *United States v. Perea–Rey*, 680 F.3d 1179, 1182 n. 1 (9th Cir. 2012) (alteration in *Perea-Rey*)). However, "these facts [must be] construed in the light most favorable" to the non-movant. *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013) (*abrogated on other grounds* by *Reed v. Town of Gilbert, Ariz.*, ___ U.S. ___, 135 S. Ct. 2218 (2015), as recognized in *Cahaly v. Larosa*, 796 F.3d 399 (4th Cir. 2015)).

with 28 U.S.C. § 1746, stating that he timely placed his notice of appeal, with postage, in Patuxent's internal mail system. Although Montgomery does not provide the exact date of mailing, it would seem unlikely, so long after the fact, that he would recall the exact date in which he placed the notice with the prison's internal mail system. But, it does seem plausible that one would recall whether or not a mailing was timely. The notice of appeal is dated January 25, 2016, which was the due date. *See* ECF 154. Nothing appears in the record to contradict Montgomery's assertions.

In light of the foregoing, I am satisfied that Montgomery has satisfied Fed. R. App. P. 4(c)(1). Accordingly, I conclude that Montgomery's notice of appeal was timely.

Date: June 29, 2016                               /s/
                                         Ellen Lipton Hollander
                                         United States District Judge